IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. _____

JEAN G. NYEMBO SHABANI,
KATSHELEWA MUGOGWA
Plaintiffs.

V.

JOHN POINDEXTER,
Defendant.

CIV - LENARD

MAGISTRATE JUDGE
TURNOFF

## PLAINTIFFS' ORIGINAL COMPLAINT

### A. PARTIES

1. Plaintiffs G NYEMBO SHABANI and KATSHELEWA MUGOGWA sue Defendant JOHN POINDEXTER and allege as follows:

### B. JURISDICTION AND VENUE

2. Plaintiffs JEAN G. NYEMBO SHABANI and KATSHELEWA MUGOGWA are individuals who are citizens and residents of the Democratic Republic of Congo (former Zaire).

3. Defendant JOHN POINDEXTER is an individual who is citizen and resident of the State of Florida. He may be served with process at 6911 NW 51 Street, Miami, Florida 33166.

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. Section 1332 because the suit is between a citizen of a state and citizens of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### C. GENERAL ALLEGATIONS

5. By Mid-1996, Defendant made misrepresentations to Plaintiffs that Defendant was an accredited and knowledgeable dealer/seller of aircrafts in the United States of America, and that Defendant could serve as Plaintiffs' agent and secure the sale of Plaintiffs' only aircraft, one McDonnell DC-10-10, that Plaintiffs were using for farming needs, at the highest price possible in the United States.

6. By September 1996, Plaintiffs induced by Defendant's misrepresentations, entered into an agreement with Defendant under the terms of which Defendant would use his expertise and his best efforts to sell the DC-10-10 aircraft, and defendant would receive as compensation for his expert services, 7% of the proceeds from the sale.

7. Plaintiffs were induced by the above misrepresentations, to relinquish to Defendant all documents in their possession establishing their ownership of the aircraft, and to give Defendant power of attorney to effect the sale.

8. Defendant who in fact was not an aircraft dealer and had neither expertise no experience in the sale of aircrafts, negotiated the sale of the aircraft for $1,433,761 under a sale contract which did not provide that the seller reserves the right of repossession of the aircraft if the entire price was not paid by the purchaser, as has always been the usage in the industry.

9. Defendant received from the purchaser AERO CONTROLS, a portion of proceeds of the sale, in amount of $520,000, and Defendant deliberately refused to turn over the monies to the owners of aircraft on behalf of whom he was acting.

10. As a result of defendant's actions, plaintiffs retained counsel and seek reimbursement for its reasonable attorney fees.

## COUNT 1
## DECLARATORY RELIEF

11. Plaintiffs G. NYEMBO SHABANI and KATSHELEWA reallege and incorporate as if fully set forth herein the allegations of paragraphs 1-10.

12. Plaintiffs maintain that Defendant's misrepresentations as to his expertise and accreditation induced Plaintiffs to enter into the agreement with Defendant.

13. Plaintiffs maintain that the agreement induced by such material misrepresentations by Defendant is void both under the laws of the Democratic Republic of Congo, and of the State of Florida.

WHEREFORE, PLAINTIFFS pray that this Court take jurisdiction of this cause and enter judgment declaring that:
    (1) The agreement induced by fraudulent misrepresentations is void; and
    (2) DEFENDANT owes to PLAINTIFFS in restitution the value of the aircraft in amount of $3,000,000.00, and
    (3) Such further legal and equitable relief as the Court deems just.

## COUNT II: IN THE ALTERNATIVE:
## BREACH OF CONTRACT

14. Plaintiffs G. NYEMBO SHABANI and KATSHELEWA reallege and incorporate as if fully set forth herein the allegations of paragraphs 1-10.

15. In the event this Court finds the agreement not voidable for reason of material misrepresentations made by Defendant, Plaintiffs pray this Court to find breach of contract by Defendant.

16. Plaintiffs maintain that Defendant breached the contract by (1) failing to use his best efforts to protect the interests of Plaintiffs, something that could have been achieved by any reasonable person by providing for a security interest in the agreement to secure payment of the entire price, and (2) violating his fiduciary duty of accounting owed to plaintiffs by failing to turn over to plaintiffs, the $520,000 received from the purchaser of the aircrafts.

17. As a result of Defendant's breach of the contract, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs pray that this Court take jurisdiction of this cause and enter judgment as follows:
(1) 520,000 for monies received on behalf of Plaintiffs;
(2) 750,000 for the unpaid portion of the aircraft price, damages caused by Defendant's failure to perform his fiduciary duties;
(3) Compensatory damages in an amount to be proved at trial;
(4) Prejudgment interest and costs; and
(5) Such further legal and equitable relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request trial by jury on all issues so triable by right.

LAW OFFICES OF PAUL NGOYI
Attorneys for Plaintiffs
Jackson Street, Suite 600
Dallas, Texas 75202
Telephone: 214 712-5617
Facsimile: 214 712-9201

By: _____
NGOYI PAUL NGOYI
New York Bar No. 3017894

CIV-LENARD

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
JEAN G. NYEMBO SHABANI
KATSHELEWA MUGOGWA

**DEFENDANTS** MAGISTRATE JUDGE
JOHN POINDEXTER TURNOFF

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF KINSHASA/CONGO
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A: Docket:00CV2304/JAL/LWCT

NIGHT BOX FILED
JUN 28 2000
CLARENCE MADDOX
CLERK, USDC/SDFL/MIA

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) N:(214)712-5617
NGOYI PAUL NGOYI
900 JACKSON STREET, SUITE 600
DALLAS, TX 75202

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only) |
|---|---|
| ☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party) | PTF DEF   PTF DEF |
| ☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of This State ☐ 1 ☒ 1   Incorporated or Principal Place of Business In This State ☐ 4 ☐ 4 |
| | Citizen of Another State ☐ 2 ☐ 2   Incorporated and Principal Place of Business In Another State ☐ 5 ☐ 5 |
| | Citizen or Subject of a Foreign Country ☒ 3 ☐ 3   Foreign Nation ☐ 6 ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

[checkbox list of nature of suit categories — A CONTRACT, A TORTS, FORFEITURE/PENALTY, A BANKRUPTCY, A OTHER STATUTES, A REAL PROPERTY, A CIVIL RIGHTS, PRISONER PETITIONS, A LABOR, B SOCIAL SECURITY, FEDERAL TAX SUITS — with ☒ 190 Other Contract checked]

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
FLORIDA LAW OF CONTRACTS: DEFENDANT BREACHED HIS DUTY OF ACCOUNTING BY REFUSING TO TURN OVER MONEY RECEIVED ON BEHALF OF PRINCIPALS, PLAINTIFFS

LENGTH OF TRIAL
via 10 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 3,000,000
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 6-28-2000
SIGNATURE OF ATTORNEY OF RECORD Paul Ngoyi

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____
JUN 29 2000 09:34

P24416  $150.00

PAGE.03